MEMORANDUM AWARDING DAMAGES UNDER INJUNCTION BOND
COX, J.
The bill was filed to enjoin collection and payment of an award made by the defendant Robert J. Hoage, as Deputy Commissioner, for the District of Columbia, United States Employeees’ Compensation Commission, to the defendant Luella Brown, on a claim for compensation arising out of the death of her husband.
An injunction pendente lite was granted as prayed in the bill and plaintiff gave bond or undertaking with surety in accordance with section 479b, District of Columbia Code.
Upon-final hearing in a trial de novo, the bill was dismissed and the injunction pendente lite discharged with costs against plaintiff, by final decree of January 12, 1933, from which appeal was taken to the United States Court of Appeals for the District of Columbia.
Thereupon, the defendant Luella Brown applied to the court to assess damages under the bond against the plaintiff and its surety, the damages claimed being the counsel fee of $250 incurred in defense of the suit, with the approval of the court as shown by order of January 12, 1933. After hearing on her application, action thereon was postponed *4 to await the decision of the Court of Appeals. The mandate of that court affirming the final decree has been filed herein. (See 62 W. L. R. 683.)
The principal purpose of the bill was to obtain an injunction against the collection of the award — an injunction pendente lite, to be made permanent, if the plaintiff was successful on the final hearing. The case is thought to b.e governed by the decision in Local Union No. 368 v. Barker Painting Company, 58 App. D. C. 51, and to be distinguishable from Stanfield v. Vollbehr, 61 App. D. C. 239, relied on by the plaintiff, in which the injunction was merely ah' incident and not the purpose of the proceeding.
Accordingly, damages in the sum of $250 should be awarded and assessed in favor of the defendant against the plaintiff and its surety on the bond. Decree to be settled on notice. This memorandum may be considered as stating findings of fact and conclusions of law prescribed by Equity rule 70%.